UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| LAWRENCE GILKES,<br><br>        *Plaintiff,*<br><br>  – against –<br><br>DIAMOND RESORTS and THE HILTON GRAND VACATIONS,<br><br>        *Defendants.* | **MEMORANDUM & ORDER**<br>24-cv-06714 (NCM) (LKE) |

**NATASHA C. MERLE**, United States District Judge:

This Court has received the Report and Recommendation in the instant case dated February 2, 2026, from the Honorable Lara K. Eshkenazi, United States Magistrate Judge. Report and Recommendation ("R&R"), ECF No. 27. Plaintiff objected to the R&R. Objections, ECF No. 28.[1] For the reasons stated below, the Court overrules plaintiff's objections and adopts the R&R in its entirety.

## BACKGROUND

On September 23, 2024, plaintiff Lawrence Gilkes, proceeding pro se, filed the instant action against Diamond Resorts ("Diamond") and Hilton Grand Vacations ("Hilton") alleging that defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Compl., ECF No. 1.

Defendant Diamond filed a request for a pre-motion conference ("PMC") regarding an anticipated motion to dismiss under Rules 12(b)(5) and 12(b)(6) of the

---

[1]    The Court hereinafter refers to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss and, in the Alternative, Request for Leave to Amend, ECF No. 28, as the "Objections."

Federal Rules of Civil Procedure. Def. PMC Letter, Mar. 14, 2025, ECF No. 11. The Court granted defendant's request, and at the PMC, granted plaintiff leave to amend the complaint by June 20, 2025. *See* ECF Min. Entry dated May 20, 2025. Plaintiff failed to amend, and defendants moved to dismiss in July 2025. *See* Defs. Notice of Mot. & Mot. to Dismiss Pl.'s Compl., ECF No. 21. The day after the motion was fully briefed, the undersigned referred it to Judge Eshkenazi for a Report and Recommendation. *See* Order Referring Mot. dated Sep. 3, 2025. On February 2, 2026, Judge Eshkenazi issued an R&R recommending that plaintiff's claims be dismissed with prejudice and without leave to amend. R&R 12.[2] Plaintiff filed objections after the period for filing objections expired. *See* Objs. Defendants did not respond to plaintiff's objections.

## STANDARD OF REVIEW

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, once a magistrate judge has issued a report and recommendation on a dispositive motion, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "Objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate judge's recommendations." *Zaki v. OTG Mgmt. LLC*, No. 23-cv-08189, 2024 WL 5198706, at *2 (E.D.N.Y. Dec. 23, 2024) (quoting *N.Y.C. Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018)).[3] A district

---

[2]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

[3]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

court reviews "[p]ortions of a report and recommendation that are not properly objected to" for any "clear error on the face of the record." *Park v. Kim*, No. 20-cv-02636, 2022 WL 3643966, at *2 (E.D.N.Y. Aug. 24, 2022), *aff'd*, 91 F.4th 610 (2d Cir. 2024). "General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Sosa v. N.Y.C. Dep't of Educ.*, 368 F. Supp. 3d 489, 497 (E.D.N.Y. 2019).

## DISCUSSION

While "objections of pro se litigants are generally accorded leniency and should be construed to raise the strongest arguments that they suggest[,] . . . even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate judge's R & R." *Oparaji v. Home Retention Corp.*, No. 21-cv-02758, 2023 WL 2155764, at *2 (E.D.N.Y. Feb. 22, 2023), *aff'd*, No. 24-cv-1444, 2025 WL 1901297 (2d Cir. July 10, 2025) (summary order). "In other words, even for a pro se litigant, generalized or conclusory objections that fail to raise new concerns will not suffice." *Id.*; *see also Hazen v. Perlman*, No. 05-cv-01262, 2008 WL 4186329, at *10 (N.D.N.Y Sep. 9, 2008) (reviewing for clear error where a pro se plaintiff did "not specifically object to any particular portion of the Report and Recommendation").

Though untimely, plaintiff's objections have been reviewed. The Court finds that plaintiff's objections do not meaningfully engage with the R&R. *See* Objs. Rather, the objections largely restate the conclusory assertions in plaintiff's complaint and opposition to defendants' motion to dismiss. *Compare* Objs. 3 ("Plaintiff submitted a timely written dispute pursuant to 15 U.S.C. § 1692g(b); [] Defendant failed to validate the alleged debt[.]") *with* Compl. ¶¶ 7–8 ("Plaintiff . . . promptly disputed the alleged debt . . . pursuant to 15 U.S.C. §1692g(b). [] Defendant failed to provide Plaintiff with the

3

requested validation of the debt, as required by law."). Plaintiff adds but one new statement that mentions defendants—that the "alleged account was already in default at the time Hilton Grand Vacations acquired Diamond Resorts International."[4] *See* Objs. 3. However, this allegation also does not appear to be clearly aimed at any particular findings of Judge Eshkenazi's recommendation. Accordingly, the Court deems it appropriate to review the R&R for clear error.

Having reviewed the record, the Court finds no clear error. The Court therefore adopts the R&R, in its entirety, as the opinion of the Court under 28 U.S.C. § 636(b)(1).

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is **DISMISSED** with prejudice and without leave to amend. The Clerk of Court is directed to enter judgment, mark the case closed, mail a copy of this Order to plaintiff, and note the mailing on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and therefore, in forma pauperis status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S.438, 444-45 (1962).

**SO ORDERED.**

/s/ Natasha C. Merle
NATASHA C. MERLE
United States District Judge

Dated:      March 23, 2026
            Brooklyn, New York

---

4      To the extent plaintiff intended this assertion to be a new allegation to further support his FDCPA claim, that also fails. Even with the addition of this allegation, plaintiff still does not sufficiently allege that Hilton or Diamond are debt collectors as defined by the FDCPA. *See* R&R 6–8.